| | |
|---|---|
| Jerry C. Alexander<br>Texas Bar No. 00993500<br>alexanderj@passmanjones.com<br>**PASSMAN & JONES**<br>1201 Elm Street, Suite 2500<br>Dallas, Texas 75270-2500<br>(214) 742-2121 Telephone<br>(214) 748-7949 Facsimile<br><br>**SPECIAL COUNSEL TO TRUSTEE** | Joseph F. Postnikoff<br>Texas Bar No. 16168320<br>jpostnikoff@romclaw.com<br>**ROCHELLE MCCULLOUGH, LLP**<br>300 Throckmorton Street, Suite 520<br>Fort Worth, Texas 76102<br>(817) 347-5260 Telephone<br><br><br>**COUNSEL TO TRUSTEE** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| In re:<br><br>**LAUREN ENGINEERS &<br>CONSTRUCTORS, INC.**<br><br>*Debtor*,<br><br>**RODDRICK NEWHOUSE,<br>CHAPTER 7 TRUSTEE,**<br><br>Plaintiff,<br><br>v.<br><br>**SOLAIREDIRECT USA INC.**<br><br>Defendant. | §§§§§§§§§§§§§§§§§§§ | Case No. 21-10051 rlj7<br>Chapter 7<br><br><br><br><br><br><br>Adversary No. _____ |

**TRUSTEE'S ORIGINAL COMPLAINT AGAINST SOLAIREDIRECT USA INC.**

TO THE HONORABLE COURTROBERT L. JONES, BANKRUPTCY JUDGE:

Roddrick Newhouse, Chapter 7 Trustee ("***Trustee***") of the Bankruptcy Estate of Lauren Engineers & Constructors, Inc. ("***Lauren***" or "***Debtor***") and as the representative of the Debtor's Estate in all capacities set forth in paragraph 5, files this Complaint against Solairedirect USA Inc. The Trustee alleges facts, otherwise upon information and belief, developed as follows:

# I.
# JURISDICTION AND VENUE

1. This Court has personal jurisdiction over the Defendant named in this Complaint because the Defendant transacts business in the State of Texas, including entering into a contract with a resident of the State of Texas performable in whole or in part within the State of Texas, or has committed a tort in whole or in part in Texas and is thus subject to the Texas Long Arm Statute, Section 17.042 of the Texas Civil Practice and Remedies Code. The Court also has personal jurisdiction over the Defendant under 29 U.S.C. §1132(f).

2. The Court has subject matter jurisdiction of this Adversary Proceeding under 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Reference in the Northern District of Texas.

3. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (H), and (O). To the extent the Court determines that any of the claims asserted in this Complaint are not core, the Trustee expressly consents to the entry of final orders and judgments by the Bankruptcy Court.

4. Venue of the Bankruptcy Case and the Adversary Proceeding is appropriate in this Court under 28 U.S.C. §§ 1408 and 1409.

# II.
# PARTIES

**A.    The Trustee.**

5. Roddrick Newhouse is the Chapter 7 Trustee of the Bankruptcy Estate of the Debtor (the "*Estate*"). The Trustee is asserting the claims and causes of action in this Complaint (the "*Claims*") on behalf of the Estate and as the representative of the Estate and in his capacity as Trustee of the Estate and in such capacities necessary to bring the Claims, whether as attorney in fact, a representative of the Estate, or otherwise. The "*Trustee*" means Roddrick Newhouse as

Chapter 7 Trustee of the Estate, as the representative of the Estate that is the holder of the Claims, and in any other capacities necessary to bring the Claims.

**B.      Solairedirect USA Inc.**

6.      Solairedirect USA Inc. ("*Solairedirect*") is a Delaware corporation that is registered to do and does business in Texas. Solairedirect's principal office is 1990 Post Oak Blvd, Ste 1900, Houston, TX 77056-3831. Solairedirect can be served with process by serving its Registered Agent, Capitol Corporate Services, Inc., 1501 S Mopac Expy, Suite 220, Austin, Texas 78746.

## III.
## FACTUAL BACKGROUND

7.      The Estate for which Roderick Newhouse is the Trustee, emanates from an entity known as Lauren Engineers & Constructors, Inc. Lauren was in the business of designing and, in some instances, fabricating pipeline, refinery and oilfield equipment and systems such as valves and systems to facilitate the movement of hydrocarbons and chemicals. It had success and was a substantial employer of engineers and other professionals in Abilene, Texas, Tyler, Texas, and other places.

8.      Lauren performed valuable services and delivered valuable materials to Solairedirect as evidenced by the attached invoices numbered 016483 (**Exhibit A**), 016496 (**Exhibit B**), 016551 (**Exhibit C**), 016567 (**Exhibit D**), 016569 (**Exhibit E**), 016581 (**Exhibit F**), 016584 (**Exhibit G**), and 016595 (**Exhibit H**), and the attachments thereto. The non-payment of these invoices constituted a breach of contract, causing the Estate damages in the amount of $706,326.80.

9.      The Trustee has made demand upon Solairedirect but has not received any payment for these invoices.

## IV.
## CAUSES OF ACTION

10. The Trustee sues Solairedirect for the following causes of action in Counts 1 - 3.

### COUNT 1:  BREACH OF CONTRACT

11. The Trustee repeats and realleges the allegations in all proceeding paragraphs of this Complaint, as if fully set forth herein.

12. The Trustee hereby sues Solairedirect USA Inc. for breach of contract in the amount of $706,326.80.

13. Lauren and Solairedirect entered into a contract and amounts due are reflected in the attached invoices and attachments. Lauren performed all conditions necessary to give rise to Solairedirect's obligations. However, Solairedirect has not paid Lauren at least $706,326.80.

### COUNT 2:  QUANTUM MERUIT/VELEBAT

14. The Trustee repeats and realleges the allegations in all proceeding paragraphs of this Complaint, as if fully set forth herein.

15. Lauren performed valuable services and delivered valuable materials to Solairedirect USA Inc. and is entitled to recover for same in accordance with the attached invoice and schedule under the doctrines of *quantum meruit* and *quantum velebat*.

### COUNT 3:  ATTORNEYS' FEES

16. The Trustee repeats and realleges the allegations in all proceeding paragraphs of this Complaint, as if fully set forth herein.

17. Under Texas Civil Practice and Remedies Code § 38.001(b)(8), and by law, the Trustee is entitled to recover his reasonable attorneys' fees, in an amount to be determined for bringing this cause of action.

## **PRAYER**

The Trustee prays that OXY be cited to appear herein as provided by law and that upon hearing:

1. The Trustee recover against Solairedirect USA Inc.:

    a. Money damages;

    b. Attorneys' fees;

    c. Pre-and post-judgment interest on all sums awarded at the highest lawful rate;

    d. All taxable costs of court;

    e. Such other relief that he is entitled, either at law or in equity.

Dated: April 6, 2023

Respectfully submitted,

*/s/ Jerry C. Alexander*
Jerry C. Alexander
  Texas Bar No. 00993500
  alexanderj@passmanjones.com
D. Hunter Polvi
  Texas Bar No. 24083674
  polvih@passmanjones.com
**PASSMAN & JONES**
1201 Elm Street, Suite 2500
Dallas, Texas 75270-2500
(214) 742-2121 Telephone
(214) 748-7949 Facsimile

**SPECIAL COUNSEL FOR THE TRUSTEE**

Joseph F. Postnikoff
  Texas Bar No. 16168230
  jpostnikoff@romclaw.com
**ROCHELLE MCCULLOUGH, LLP**
300 Throckmorton Street, Suite 520
Fort Worth, Texas 76102
(817) 347-5260 Telephone

**COUNSEL FOR THE TRUSTEE**